IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-60-D

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| SHAWN E. GOOD, ) ) | |
| Defendant. ) | |

On April 18, 2022, the Securities and Exchange Commission ("SEC" or "plaintiff") filed suit against Shawn E. Good ("Good" or "defendant") alleging violations of federal securities law and seeking permanent injunctive relief and disgorgement of ill-gotten gains [D.E. 1]. The SEC also seeks a temporary restraining order (1) enjoining Good from violating federal securities law, (2) freezing Good's assets, (3) ordering Good to provide an accounting of his assets, (4) prohibiting Good from destroying or altering documents, and (5) expediting discovery. See [D.E. 8]. The SEC certified it is giving Good notice of the complaint and the motion for a temporary restraining order. See Fed. R. Civ. P. 65(b); [D.E. 8-1] ¶ 10. As explained below, the court grants in part the SEC's motion for a temporary restraining order and enjoins Good from violating federal securities law, freezes Good's assets, and prohibits Good from destroying or altering documents. The court denies without prejudice the SEC's requests for an accounting and expedited discovery and will hold a status conference on Tuesday, April 26, 2022, at 10:00 AM.

I.

The court has reviewed the SEC's complaint, motion for a temporary restraining order,

memorandum of law, the declarations of alleged victims, and all other supporting documents [D.E. 1, 8, 9]. As for temporarily enjoining Good from violating federal securities law, the court finds that "there is a reasonable likelihood that the defendant is engaged or about to engage in practices that violate the federal securities laws" and that temporary injunctive relief is warranted. SEC v. First Fin. Grp. of Tx., 645 F.2d 429, 434 (5th Cir. 1981); see 15 U.S.C. §§ 77t(b), 78u(d), 80b-9(d); Kemp v. Peterson, 940 F.2d 110, 112–13 (4th Cir. 1991) (noting that once an agency shows a violation of a federal statute, "the usual balancing of equities is not required prior to enjoining future violations"); SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 807 (2d Cir. 1975) ("Unlike private actions, which are rooted wholly in the equity jurisdiction of the federal court, SEC suits for injunctions are creatures of statute" and "[p]roof of irreparable injury or the inadequacy of other remedies as in the usual suit for injunction is not required" (quotations omitted)); SEC v. CAUSwave, Inc., No. 1:15CV1068, 2018 WL 4625407, at *6 (M.D.N.C. Sept. 26, 2018) (unpublished) (stating factors relevant to injunctive relief in cases alleging violations of federal securities law); SEC v. Chapman, 826 F. Supp. 2d 847, 857–58 (D. Md. 2011) (same); SEC v. SBM Inv. Certificates, Inc., Civil Action No. DKC 2006-0866, 2007 WL 609888, at *4–5 (D. Md. Feb. 23, 2007) (unpublished) (same); CFTC v. IBS, Inc., 113 F. Supp. 2d 830, 848–49 (W.D.N.C. 2000), aff'd sub nom., CFTC v. Kimberlynn Creek Ranch, Inc., 276 F.3d 187 (4th Cir. 2002).

The SEC makes substantial and serious allegations that Good ran a multi-year Ponzi scheme in order to live a lavish lifestyle and defrauded at least five investors out of millions of dollars. See [D.E. 1] ¶¶ 1–61; [D.E. 9] 1–11. "[P]ast illegal conduct is highly suggestive of the likelihood of future violations," and it is "always relevant" to consider whether "the infractions might not have been an isolated occurrence." Mgmt. Dynamics, 515 F.2d at 807. The SEC also has made a showing that Good's conduct is ongoing. For example, as recently as February 2022, Good allegedly told one

2

of his victims that he was working to return her funds and allegedly attempted to solicit a $75,000 fraudulent investment from a different victim. See [D.E. 1] ¶¶ 33, 42; see also [D.E. 9-2] 6–12, 17–23 (transcripts of recorded phone calls from February 2022). Thus, the court grants the SEC's request to enjoin Good from future violations of federal securities law.

As for an asset freeze, "[c]ourts clearly have the authority to enter freeze orders in an SEC enforcement action," especially when, as in this case, the SEC seeks equitable relief concerning Good's assets. SEC v. Dowdell, 175 F. Supp. 2d 850, 854 (W.D. Va. 2001); see Amazon.com, Inc. v. WDC Holdings LLC, No. 20-1743, 2021 WL 3878403, at *4–5 (4th Cir. Aug. 31, 2021) (per curiam) (unpublished); Smith v. SEC, 653 F.3d 121, 127–28 (2d Cir. 2011); U.S. ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 489, 494–97 (4th Cir. 1999); SEC v. N. Star Fin., LLC, No. GJH-15-1339, 2017 WL 476602, at *1 (D. Md. Feb. 3, 2017) (unpublished); SEC v. One or More Unknown Traders in Secs. of Onyx Pharms., Inc., 296 F.R.D. 241, 254–55 (S.D.N.Y. 2013); cf. Kimberlynn Creek Ranch, 276 F.3d at 193.

The court finds that an asset freeze is necessary to preserve the status quo pending a final determination on the merits because of the SEC's substantial allegations of Good's fraud and lifestyle, see [D.E. 1] ¶¶ 1–61; [D.E. 9] 1–11, the need to prevent Good from dissipating assets, and the need to protect the alleged victims. See Kemp, 940 F.2d at 114 (stating an asset freeze "is an extraordinary remedy" and "must be supported by a showing of fraud, mismanagement, or other reason to believe that, absent the freeze order, the assets would be depleted or otherwise become unavailable"); SEC v. Manor Nursing Ctrs., 458 F.2d 1082, 1105–06 (2d Cir. 1972); SEC v. Duclaud Gonzalez de Castilla, 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001) ("While the primary purpose of freezing assets is to facilitate compensation of defrauded investors in the event a violation is established at trial, the disadvantages and possible deleterious effect of a freeze must be weighed

3

against the considerations indicating the need for such relief." (quotation omitted)). Thus, the court grants the SEC's request to freeze Good's assets.

Enjoining Good from disposing, destroying, or otherwise altering documents is necessary to preserve the status quo pending discovery and a final determination on the merits. See SEC v. Unifund Sal, 910 F.2d 1028, 1040 n.11 (2d Cir. 1990); SEC v. Spongetech Delivery Sys., Inc., No. 10-CV-2031 (DLI)(JMA), 2011 WL 887940, at *5 (E.D.N.Y. Mar. 14, 2011) (unpublished) (same); cf. Turner v. United States, 736 F.3d 274, 281–82 (4th Cir. 2013). Thus, the court grants the SEC's request to enjoin Good from disposing, destroying, or otherwise altering documents.

As for the SEC's motions to order an accounting and to expedite discovery, the court denies the motions without prejudice. The SEC does not explain why an accounting is needed at this very early stage of the case. See [D.E. 9] 17; cf. SEC v. Dunlap, 253 F.3d 768, 774 (4th Cir. 2001). As for expedited discovery, the court denies without prejudice the SEC's proposed expedited discovery schedule. See Fuller v. Dixon, No. 7:21-CV-40-D, 2021 WL 3909659, at *2–3 (E.D.N.C. Aug. 31, 2021) (unpublished); Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 530–32 (E.D.N.C. 2005). The court will hold a status conference on Tuesday, April 26, 2022, at 10:00 AM and will hear from the parties on the issues of expedited discovery and an accounting. If necessary, the court will set a limited expedited discovery schedule to allow the parties to prepare for a hearing on whether the court should issue a preliminary injunction.

II.

In sum, the court GRANTS IN PART plaintiff's motion for a temporary restraining order [D.E. 8]. Defendant is ORDERED TO SHOW CAUSE why the court should not issue a preliminary injunction extending the relief granted in this order. Pending resolution of plaintiff's request for a preliminary injunction, the court ORDERS the following:

4

1. Defendant Shawn E. Good and his agents, servants, employees, attorneys, and any persons working in active concert or participation with him ARE RESTRAINED AND ENJOINED FROM directly or indirectly, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, engaging in any of the following:

    A. Employing any device, scheme, or artifice to defraud in connection with any security;

    B. Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with any security;

    C. Obtaining money or property by means of any untrue statement of a material fact in connection with any security, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    D. Making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements in connection with tax-free government bonds or real estate investments in light of the circumstances under which they were made, not misleading, in violation of 15 U.S.C. §§ 77q(a), 78j(b), 80b-6 and 17 C.F.R. § 240.10b-5.

2. Defendant Shawn E. Good's ASSETS ARE FROZEN, subject to the following:

    A. The freeze shall include, but is not limited to, all funds located in any bank or brokerage account owned by defendant as well as any other assets. The freeze also shall include any proceeds in defendant's custody or control derived from

5

securities offerings through which clients transferred money directly to defendant to purchase tax-free government bonds or real estate investments. The freeze also shall include any real property, automobiles, and watercraft that defendant owns.

B. Defendant Shawn E. Good and his agents, servants, employees, attorneys-in-fact, and those persons working in active concert or participation with them who receive actual notice of this order by personal service or otherwise shall hold, retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any funds, assets, or things of value in the name of or for the benefit of defendant that are presently held by them (under their control or over which they exercise actual or apparent authority), in whatever form such assets presently exist.

C. Any financial or brokerage institution or other person or entity holding any funds or assets in the name of, for the benefit of, or under the control of defendant Shawn E. Good, his agents, servants, employees, attorneys-in-fact, and those persons working in active concert or participation with them shall hold, retain within their control, and otherwise prohibit the withdrawal, removal, transfer, or other disposal of any such funds or other assets, except as the court orders otherwise.

D. Good may petition the court for the release of funds to cover reasonable living expenses.

3. Defendant Shawn E. Good and his agents, servants, employees, attorneys-in-fact, and those persons working in active concert or participation with defendant who receive actual notice of this order by personal service or otherwise ARE RESTRAINED AND ENJOINED FROM destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any

6

manner to any transaction or securities offering involving tax-free government bonds or real estate investments. For the purposes of this order, a "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form including, without limitation, correspondence, memoranda, minutes, telephone records, emails, text messages, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement. This order includes any and all existing drafts of all documents.

The court DENIES WITHOUT PREJUDICE plaintiff's requests for an accounting and for expedited discovery. The court SCHEDULES a status conference on Tuesday, April 26, 2022, at 10:00 AM in Courtroom One of the Terry Sanford Federal Building and United States Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. Pursuant to Rule 65, the court SCHEDULES a hearing on whether the court should issue a preliminary injunction. The hearing will be Tuesday, May 3, 2022, at 2:00 PM. Defendant SHALL file any response in opposition to the entry of a preliminary injunction not later than 8:00 AM on Friday, April 29, 2022. No reply is allowed.

SO ORDERED. This 20 day of April, 2022.

JAMES C. DEVER III
United States District Judge