IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-60-D

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>           Plaintiff,<br><br>v.<br><br>SHAWN E. GOOD,<br>           Defendant. | **ORDER** |

The Securities and Exchange Commission (the "Commission") filed a Complaint [D.E. 1] and Defendant Shawn E. Good ("Good") entered a general appearance. Good consents to the court's personal jurisdiction over him and agrees that the court has subject-matter jurisdiction over this action. See [D.E. 17]. Good also (1) consents to entry of this Order of Preliminary Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); (2) waives findings of fact and conclusions of law; and (3) waives any right to appeal from this Order of Preliminary Injunction. See id. Defendant Good also agrees that the court shall leave open the issues of a permanent injunction, disgorgement of ill-gotten gains and prejudgment interest thereon, and a civil penalty until later order of the court. See id.

I.

**IT IS HEREBY ORDERED** that, until further order of this court, Defendant Good and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order of Preliminary Injunction by personal service or otherwise are hereby restrained from, directly or indirectly, in connection with the purchase or sale or in the

offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, engaging in any of the following:

(1) employing any device, scheme, or artifice to defraud;

(2) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

(3) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5].

II.

**IT IS FURTHER ORDERED** that, until further order of this court, Defendant Good and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order of Preliminary Injunction by personal service or otherwise are hereby enjoined and restrained from, directly or indirectly:

(1) employing any device, scheme, or artifice to defraud clients or prospective clients; or

(2) engaging in any transaction, practice, or course of business which operates, operated, or would operate as a fraud or deceit upon clients or prospective clients;

2

in violation of Sections 206(1) and (2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (2)].

III.

**IT IS FURTHER ORDERED** that, until further order of this court, the assets of Defendant Good remain frozen pursuant to the terms of the court's order dated April 20, 2022, as modified by the court's order dated April 22, 2022, concerning living expenses. The freeze shall include but not be limited to those funds located in any bank accounts of Defendant Good. In addition, proceeds derived from the Morgan Stanley brokerage clients' accounts alleged in the Commission's Complaint remaining in the custody and control of Defendant Good are hereby frozen regardless of where said proceeds are located. Defendant Good and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver, or special fiscal agent that this court may appoint, are hereby restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of Defendant Good. This court also enjoins any disbursement by Defendant Good, his agents, representatives, employees, officers, and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the brokerage clients' funds as described in the Complaint.

IV.

**IT IS FURTHER ORDERED** that Defendant Good and his officers, agents, employees, servants, attorneys, any bank or financial institution holding any assets of Defendant Good, and all persons in active concert or participation with them are hereby restrained and enjoined from destroying, transferring, or otherwise rendering illegible all books, records, papers, ledgers, accounts,

3

statements, emails, text messages, or other documents employed in any of Defendant Good's business, which reflect the business activities of the Defendant, or which reflect the transactions described in the Commission's Complaint.

V.

**IT IS FURTHER ORDERED** that the signed "Consent of Defendant Shawn Edward Good to Order of Preliminary Injunction and Other Relief" [D.E. 17] is incorporated by reference with the same force and effect as if fully set forth herein. Defendant Good shall comply with all of the undertakings and agreements set forth therein. See id.

VI.

**IT IS FURTHER ORDERED** that this Order does not preclude the Commission from seeking a permanent injunction, disgorgement of ill-gotten gains and prejudgment interest thereon, the imposition of civil penalties, or any other relief in this action.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Order of Preliminary Injunction.

SO ORDERED. This 27 day of April, 2022.

JAMES C. DEVER III
United States District Judge

4