UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7: 22-cv-0060-D

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

SHAWN E. GOOD,

Defendant.

## ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT SHAWN EDWARD GOOD

The Securities and Exchange Commission having filed a Complaint and Defendant Shawn Edward Good ("Good" or "Defendant") having entered an appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Order of Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Order of Permanent Injunction:

Now, therefore,

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Good and his agents, servants, employees, attorneys and those persons in active concert or participation with

him, be, and they hereby are, restrained from, directly or indirectly, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, permanently restrained and enjoined from, directly or indirectly:

(1) employing any device, scheme, or artifice to defraud in connection with any security;

(2) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with any security;

(3) obtaining money or property by means of any untrue statement of a material fact in connection with any security, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made in connection with the purchase, sale or offer of any security, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6].

## II.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Good is permanently restrained and enjoined directly or indirectly, including, but not limited to, through

any entity owned or controlled by Good, from participating in the issuance, purchase, offer, or sale of any security, excluding the purchasing and selling of securities for Defendant Good's own personal accounts.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Good shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Sections 209(d) and 209(e) of the Advisers Act [15 U.S.C. §§ 80b-9(d)-(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from February 1, 2022, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Order; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

3

Case 7:22-cv-00060-D   Document 27   Filed 07/15/22   Page 3 of 4

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Good, and further, any debt for disgorgement, pre-judgment interest, civil penalty or other amounts due by Defendant Good under this Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Good of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Good is incorporated herein with the same force and effect as if fully set forth herein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

Dated this 15 day of July, 2022.

_____
James C. Dever, III, Judge
UNITED STATES DISTRICT COUR

4

Case 7:22-cv-00060-D   Document 27   Filed 07/15/22   Page 4 of 4