IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-60-D

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                Plaintiff,<br><br>      v.<br><br>SHAWN E. GOOD,<br>                Defendant. | **ORDER** |

On July 15, 2022, the court permanently restrained and enjoined Shawn E. Good ("Good" or "defendant") from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5, and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"). See [D.E. 27] 1–3. The court also barred Good from participating in the issuance, purchase, offer, or sale of any security, excluding the purchase and sale of securities for Good's own personal accounts. Id. at 2–3.

The court acknowledged that the Securities and Exchange Commission ("SEC" or "plaintiff") would file a motion for monetary relief, and that Good "shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Sections 209(d) and 209(e) of the Advisers Act [15 U.S.C. §§ 80b-9(d)-(e)]." Id. at 3. The court stated it would calculate prejudgment interest "based on the rate of interest . . . in 26 U.S.C. § 6621(a)(2)." Id. The court also stated: "(a) [Good] will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) [Good] may not challenge

the validity of the ... Order [of Permanent Injunction]; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure." Id.

Good consented to the terms of the order. See id. at 1. The allegations in the SEC's complaint are deemed true for purposes of the SEC's motion for monetary relief. Moreover, the SEC submitted the declaration of Tiffany B. Kunkle, the SEC Accountant in Enforcement, who participated in the SEC's investigation of Good. See [D.E. 31-3]. Kunkle's declaration describes Good's fraudulent scheme. See id. at 2–4.

Good's conduct warrants disgorgement and prejudgment interest. The SEC brought this action against Good for violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, Rule 10b-5, and Sections 206(1) and 206(2) of the Advisers Act. See Pl.'s Statement of Material Facts ("PSMF") [D.E. 30] ¶ 3. Good conducted a multi-year Ponzi scheme involving his clients at Morgan Stanley Smith Barney, LLC. From 2012 until early 2022, Good solicited clients to transfer funds to his personal bank account, ostensibly to make low-risk investments in real-estate development projects and tax-free government bonds. Good, however, used those funds to repay other investors and to pay his personal expenses. Id. at ¶ 5. Good defrauded investors of a net amount of $3,147,564.75. See [D.E. 31-3] ¶ 9.

Good must disgorge $3,147,564.75. This figure constitutes the $6,485,000 that Good stole less the $3,337,435.25 that Good paid back to the investors. See PSMF ¶¶ 53–55. Moreover, the court has calculated prejudgment interest on the amount of $3,147,564.75 from February 1, 2022,

2

through September 30, 2023, at the interest rates in 26 U.S.C. § 6621(a)(2). The total prejudgment interest equals $283,483.49.

In sum, defendant is liable for disgorgement in the amount of $3,147,564.75 and prejudgment interest in the amount of $283,483.49, for a total sum of $3,431,048.24. The disgorgement and prejudgment interest in this order are deemed satisfied by the restitution ordered in <u>United States v. Shawn Edward Good</u>, No. 7:22-CR-96 (E.D.N.C.). In light of defendant's 87-month prison sentence, plaintiff has elected to forego the civil penalty. Final judgment includes this order and the terms of the court's permanent injunction of July 15, 2022. The clerk SHALL enter judgment against defendant. The court RETAINS jurisdiction to enforce its terms.

SO ORDERED. This 16 day of October, 2024.

JAMES C. DEVER III
United States District Judge